IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

Charles B. Young,                                    ) C/A No.: 0:12-3256-GRA-PJG
                                                     )
                              Petitioner,            )
                                                     )
vs.                                                  )        **REPORT AND**
                                                     )        **RECOMMENDATION**
C. Reynolds,                                         )
                                                     )
                              Respondent.            )
_____

The petitioner, Charles B. Young  ("Petitioner"), a self-represented state prisoner, brings this action pursuant to 28 U.S.C. § 2254.  This habeas corpus matter is before the court pursuant to 28 U.S.C. § 636(b) and Local Civil Rule 73.02(B)(2) DSC.  Petitioner files this action *in forma pauperis* under 28 U.S.C. § 1915.  Having reviewed the Petition in accordance with applicable law, the court concludes that it should be summarily dismissed.

## BACKGROUND

Petitioner is confined at the Kershaw Correctional Institution, a facility of the South Carolina Department of Corrections, serving a 25-year sentence for 2000 York County drug convictions.  In the instant petition, Petitioner claims there is newly discovered evidence, that his trial and PCR counsel were ineffective, and that the trial court lacked jurisdiction to sentence him.  He asks the court to remand his case to a lower court for an evidentiary hearing.  Petitioner has previously challenged this same conviction and sentence in this court.[1]  See Young v. Rushton, et al., C/A No.: 9:06-0369-GRA-GCK.

_____

    [1] This court may take judicial notice of its own files and records.  See Colonial Penn Ins. Co. v. Coil, 887 F.2d 1236, 1239 (4th Cir. 1989) ("We note that 'the most frequent use of judicial notice is in noticing the content of court records.'").



**INITIAL REVIEW GENERALLY**

Under established local procedure in this judicial district, a careful review has been made of the *pro se* Petition filed in this case pursuant to the Rules Governing § 2254 Cases, 28 U.S.C. foll. § 2254; the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, 110 Stat. 1214; and in light of the following precedents:  Denton v. Hernandez, 504 U.S. 25 (1992); Neitzke v. Williams, 490 U.S. 319, 324-25 (1989); Haines v. Kerner, 404 U.S. 519 (1972); Nasim v. Warden, Md. House of Corr., 64 F.3d 951 (4th Cir. 1995) (*en banc*); Todd v. Baskerville, 712 F.2d 70 (4th Cir. 1983).

This court is required to liberally construe *pro se* petitions.  Erickson v. Pardus, 551 U.S. 89 (2007).  *Pro se* petitions are held to a less stringent standard than those drafted by attorneys, id; Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978), and a federal district court is charged with liberally construing a petition filed by a *pro se* litigant to allow the development of a potentially meritorious case.  Hughes v. Rowe, 449 U.S. 5, 9 (1980); Cruz v. Beto, 405 U.S. 319 (1972).  When a federal court is evaluating a *pro se* petition the petitioner's allegations are assumed to be true.  Erickson, 551 U.S. at 93 (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-56 (2007)).

However, the requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim currently cognizable in a federal district court.  Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).  The mandated liberal construction afforded to *pro se* pleadings means that if the court can reasonably read the pleadings to state a valid claim on which the petitioner could prevail, it should do so; however, a district court may not rewrite a petition to include claims

*PJG*

that were never presented, Barnett v. Hargett, 174 F.3d 1128 (10th Cir. 1999), construct the petitioner's legal arguments for him, Small v. Endicott, 998 F.2d 411 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985).

## DISCUSSION

As noted above, the petitioner has had a prior § 2254 habeas corpus action in this court challenging his 2000 York County drug convictions and sentences. Summary judgment for the respondents was granted in the petitioner's prior § 2254 case. As a result, the § 2254 petition in the above-captioned case is subject to dismissal under Rule 9 of the Section 2254 Rules. Miller v. Bordenkircher, 764 F.2d 245, 248-50 & nn.3-5 (4th Cir. 1985); see also McClesky v. Zant, 499 U.S. 467 (1991); Section 106 of the Anti-Terrorism and Effective Death Penalty Act of 1996, Public Law 104-132, 110 U.S.Stat. 1214; Bennett v. Angelone, 92 F.3d 1336, 1343 (4th Cir. 1996).

Furthermore, there is no indication that the petitioner has sought leave from the United States Court of Appeals for the Fourth Circuit to file the § 2254 petition in the above-captioned case. Leave from the Fourth Circuit is required under the Anti-Terrorism and Effective Death Penalty Act of 1996 for filers of successive or second § 2254 petitions. Before the petitioner attempts to file another petition in the United States District Court for the District of South Carolina, he must seek and obtain leave (i.e., written permission) from the Fourth Circuit. The petitioner can obtain the necessary forms for doing so from the Clerk's Office of the United States Court of Appeals for the Fourth Circuit in Richmond, Virginia.



**RECOMMENDATION**

Accordingly, the court recommends that the § 2254 petition in the above-captioned case be dismissed without prejudice as a successive § 2254 petition under Rule 9 of the Section 2254 Rules without requiring the respondents to file a return.  See Erline Co. S.A. v. Johnson, 440 F.3d 648, 656  (4th Cir. 2006) (in both habeas corpus and *in forma pauperis* proceedings district courts are charged with the duty of independently screening initial filings, and dismissing those actions that plainly lack merit); and the Anti-Terrorism and Effective Death Penalty Act of 1996.

_____
Paige J. Gossett
UNITED STATES MAGISTRATE JUDGE

December 11, 2012
Columbia, South Carolina

*Petitioner's attention is directed to the important notice on the next page.*

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'"  Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); see  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).